UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LAP DISTRIBUTORS, INC.**, a Pennsylvania corporation, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**QUADISCO**, **INC. D/B/A QUADIS VOICE & DATA SOLUTIONS,** a Pennsylvania corporation,<br><br>*Defendant*. | Case No. :<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Lap Distributors, Inc. ("Lap Distributors" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant Quadisco, Inc. d/b/a Quadis Voice & Data Solutions ("Quadisco" or "Defendant") to: (1) stop Defendant's practice of sending unauthorized and unwanted fax advertisements; and (2) obtain redress for all persons and entities injured by its conduct. Plaintiff, for its Complaint, alleges as follows upon personal knowledge as to itself and its own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by its attorneys.

**NATURE OF THE ACTION**

1. Quadisco provides voice and data communications products and systems to businesses in the Pennsylvania, New Jersey, and Delaware areas.

2. In an attempt to generate sales leads, and ultimately increase its revenues, Quadisco created a fax-based marketing campaign wherein it sent numerous unsolicited faxes

advertising its products and services.

3. Quadisco sent the fax advertisements at issue to Plaintiff and members of the Classes (defined below) despite: (i) having no previous relationship with them; and (ii) never receiving the recipients' consent to receive such faxes.

4. The federal Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227 ("JFPA" or the "Act"), and the regulations promulgated under the Act, prohibits a person or entity from faxing or having an agent fax advertisements without the recipient's prior express consent, invitation, and permission. The JFPA provides a private right of action and provides statutory damages of $500 per violation, which, to the extent Defendant's misconduct is determined to be willful, the Court may treble under 47 U.S.C. § 227(b)(3).

5. As such, Defendant's fax advertisements violate the JFPA, and caused Plaintiff and members of the Classes to suffer actual harm, including the aggravation and nuisance of receiving such faxes, the loss of use of their fax machines during the receipt of such faxes, increased labor expenses, and the loss of any ink and paper used to print them.

6. Accordingly, Plaintiff seeks an injunction requiring Quadisco to cease all unauthorized fax-based marketing activities, as well as an award of actual and statutory damages to the members of the Classes, along with costs and reasonable attorneys' fees.

**PARTIES**

7. Plaintiff Lap Distributors is a corporation incorporated and existing under the laws of the Commonwealth of Pennsylvania.

8. Defendant Quadisco is a corporation incorporated and existing under the laws of the Commonwealth of Pennsylvania. Quadisco maintains its principal office at 4801 Horseshoe

Pike, Bldg. # 1, Downingtown, PA 19335. Quadisco systemically and continuously conducts business throughout this District, the Commonwealth of Pennsylvania, and the United States. Quadisco can be served through its registered agent, William Best, located at 4801 Horseshoe Pike, Bldg. # 1, Downingtown, PA 19335.

## JURISDICTION & VENUE

9.  This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, a federal statute.

10. The Court has personal jurisdiction over Quadisco and venue is proper in this District because the wrongful conduct giving rise to Plaintiff's cause of action occurred in or was directed from this District. Additionally, venue is proper in this District because Plaintiff and Defendant both reside in this District.

## COMMON ALLEGATIONS OF FACT

11. Quadisco designs, sells, installs, and services voice and data communication systems for businesses.

12. In order to boost sales and increase its revenues, Quadisco sends numerous faxes advertising its voice and data communication systems.

13. Quadisco sends these fax advertisements to individuals and businesses with which it has no prior relationship, and without their permission or consent, in violation of the JFPA.

14. The faxes sent by Quadisco constitute advertisements because they promote the commercial availability and quality of goods and services, available for purchase through Quadisco.

15. Quadisco used a telephone facsimile machine, computer or other device to send

the fax advertisements at issue.

## FACTS SPECIFIC TO PLAINTIFF LAP DISTRIBUTORS

16. On October 23, 2018, Quadisco used a telephone facsimile machine to send an unsolicited fax advertisement to Plaintiff Lap Distributors. (A true and accurate copy of the October 23, 2018 fax advertisement is attached hereto as Exhibit A).

17. Defendant's October 23, 2018 fax promoted its digital phone systems. (See Ex. A.)

18. On November 19, 2018, Plaintiff's counsel notified Defendant via facsimile and electronic mail that Quadisco's October 23, 2018 fax to Plaintiff had violated the TCPA, and offered to settle Plaintiff's claims.

19. Instead of responding to Plaintiff's counsel, on January 16, 2019, Quadisco sent a second unsolicited fax advertisement to Plaintiff Lap Distributors. (A true and accurate copy of the January 16, 2019 fax advertisement is attached hereto as Exhibit B).

20. Plaintiff Lap Distributors had no prior business relationship with Quadisco and had never provided it with consent to receive advertisements through any medium, let alone facsimiles.

21. Quadisco created the content of the fax advertisements and transmitted them to Plaintiff and members of the Class with the intention of generating sales and increasing its revenues.

## CLASS ACTION ALLEGATIONS

22. Plaintiff brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) individually and on behalf of the classes defined as follows:

> **No Consent Class**: All persons and entities who (i) in the four years preceding the filing of this action, (ii) received a telephone facsimile

advertisement, (iii) sent by, or on behalf of, Quadisco, (iv) for whom Quadisco did not have a record of prior express consent to send the facsimile advertisements at the time they were sent.

**Stop Class**: All persons and entities who (i) in the four years preceding the filing of this action, (ii) received a telephone facsimile advertisement, (iii) sent by, or on behalf of, Quadisco, (iv) after the person or entity informed Quadisco that they no longer wished to receive facsimile advertisements from Defendant.

23. The following people are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Classes; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

24. **Numerosity**: The exact size of the Classes is unknown and unavailable to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Quadisco faxed unsolicited advertisements to thousands of individuals and entities who fall into the definition of the Classes. Class membership can be easily determined from Defendant's records.

25. **Typicality**: Plaintiff's claims are typical of the claims of the other members of the Classes. Plaintiff is a member of the Classes, and if Quadisco violated the JFPA with respect to Plaintiff, then it violated the JFPA with respect to the other members of the Classes. Plaintiff and members of the Classes sustained damages as a result of Defendant's uniform wrongful conduct.

26. **Commonality and Predominance**: There are many questions of law and fact

common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to, the following:

### No Consent Class:

a. How Quadisco gathered, compiled, or obtained the fax numbers of Plaintiff and the No Consent Class;

b. Whether Defendant's faxes advertised the commercial availability or quality of property, goods, or services;

c. Whether Quadisco sent the fax advertisements without first obtaining Plaintiff and the No Consent Class's prior express consent to do so;

d. Whether Quadisco sent the fax advertisements without first obtaining Plaintiff and the No Consent Class's prior permission or invitation to do so; and

e. Whether Defendant's conduct was willful such that Plaintiff and the No Consent Class are entitled to treble damages.

### Stop Class:

a. Whether members of the Stop Class properly revoked their consent by communicating a desire to no longer receive fax advertisements from Quadisco; and

b. Whether Quadisco sent fax advertisements to members of the Stop Class even after those members had revoked consent.

27. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Classes, and Quadisco

has no defenses unique to Plaintiff.

28. **Policies Generally Applicable to the Classes**: This class action is appropriate for certification because Defendant has acted, or refused to act on, grounds generally applicable to the Classes as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final injunctive relief appropriate with respect to the Classes as a whole. Defendant's practices challenged herein apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as a whole, not on facts or law applicable only to Plaintiff.

29. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable. The damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendant's misconduct. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this case. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions ensured.

## FIRST CAUSE OF ACTION
### Violation of 47 U.S.C. § 227
**(On Behalf of Plaintiff and the No Consent Class)**

30. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

31. The JFPA makes it unlawful for any person to "use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited advertisement. . . ." 47 U.S.C. § 227(b)(1)(C).

32. The JFPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

33. The faxes sent by Quadisco advertised the commercial availability and quality of its goods and services and were commercial in nature. Therefore, Defendant's faxes are advertisements under the JFPA.

34. Quadisco sent the facsimile advertisements at issue to Plaintiff and members of the No Consent Class without their prior express invitation or consent, and despite the lack of any prior business relationship between it and members of the No Consent Class.

35. By sending the unsolicited advertisement faxes at issue to Plaintiff and members of the No Consent Class without their prior express consent, Quadisco violated 47 U.S.C. § 227(b)(1)(C).

36. As a result of Defendant's conduct, Plaintiff and members of the No Consent Class suffered actual damages, including the conversion or loss of paper and toner consumed in the printing of the faxes, the loss of use of the recipients' fax machines during the time required to receive, review and route the unauthorized faxes, as well as increased labor expenses.

37. Plaintiff and the No Consent Class are therefore entitled to a minimum of $500 in damages for each violation under 47 U.S.C. § 227(b)(3)(B). To the extent Defendant's misconduct is determined to be willful, the Court should treble the amount of statutory damages under 47 U.S.C. § 227(b)(3). The standard for finding willful "intent for treble damages does not require any malicious or wanton conduct, but rather is satisfied by merely 'knowing' conduct." *Alea London Ltd. v. Am. Home Servs., Inc.*, 638 F.3d 768, 776 (11 Cir. 2011).

38. Additionally, as a result of Defendant's unlawful conduct, Plaintiff and the other members of the No Consent Class are entitled to an injunction under 47 U.S.C. § 227(b)(3)(A), to ensure that Defendant's violations of the JFPA do not continue into the future.

### SECOND CAUSE OF ACTION
### Violation of 47 U.S.C. § 227
### (On Behalf of Plaintiff and the Stop Class)

39. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

40. Defendant sent facsimile advertisements to Plaintiff and the other members of the Stop Class after they had informed Defendant to stop contacting them.

41. By sending unsolicited facsimile advertisements to Plaintiff and other members of the Stop Class after they requested to no longer receive such facsimile advertisements, Defendant violated 47 C.F.R. §64.1200(a)(4)(vi) by doing so without prior express written consent.

42. As a result of Defendant's conduct, Plaintiff and members of the Stop Class suffered actual damages, including the conversion or loss of paper and toner consumed in the printing of the faxes, the loss of use of the recipients' fax machines during the time required to receive, review and route the unauthorized faxes, as well as increased labor expenses.

43. Plaintiff and the Stop Class are therefore entitled to a minimum of $500 in damages for each violation under 47 U.S.C. § 227(b)(3)(B). To the extent Defendant's

misconduct is determined to be willful, the Court should treble the amount of statutory damages under 47 U.S.C. § 227(b)(3). The standard for finding willful "intent for treble damages does not require any malicious or wanton conduct, but rather is satisfied by merely 'knowing' conduct." *Alea London Ltd. v. Am. Home Servs., Inc.*, 638 F.3d 768, 776 (11 Cir. 2011).

44. Additionally, as a result of Defendant's unlawful conduct, Plaintiff and the other members of the Stop Class are entitled to an injunction under 47 U.S.C. § 227(b)(3)(A), to ensure that Defendant's violations of the JFPA do not continue into the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Lap Distributors on behalf of itself and the Classes, prays for the following relief:

1. An order certifying the Classes as defined above, appointing Lap Distributors as the representative of the Classes, and appointing its counsel as Class Counsel;

2. An order declaring that Defendant's actions, as set out above, violate the JFPA;

3. An order declaring that Defendant's faxes constitute unsolicited advertisements, and that Quadisco sent the faxes without first obtaining prior express invitation, permission or consent of the recipients, and enjoining Quadisco from further violations, and otherwise protecting the interests of the Classes;

4. An award of actual and statutory damages;

5. An award of pre-judgment interest;

6. An award of reasonable attorneys' fees and costs; and

7. Such further and other relief the Court deems reasonable and just.

**JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.

                Respectfully submitted,

                **LAP DISTRIBUTORS, INC.**, individually and on behalf of all others similarly situated

Dated: May 20, 2019                By: /s/ Adam Savett
                                              One of Plaintiff's Attorneys

                Adam T. Savett (86439)
                Savett Law Offices LLC
                2764 Carole Lane
                Allentown Pennsylvania 18104
                Telephone: (610) 621-4550
                Facsimile: (610) 978-2970
                E-mail: adam@savettlaw.com

                *Attorneys for Plaintiff and the Putative Classes*

# Exhibit A

10-23-2018 8:34     866-329-0982     Quadis, Inc - Paul Lapinson     1/1



*Custom Voice & Data Solutions*

Quadis, Inc.
4801 Horseshoe Pike
Building # 1
Downingtown, PA 19335

Quadis, Inc.
295 Princeton-Hightstown Rd.
Suite # 327
East Windsor, NJ 08520

(866) 478-2347 Office
(866) 329-0982 Fax

www.QuadisVoice.com

## Fax Cover Sheet

Date        October 23, 2018
Pages:      Just this cover sheet
**To:**     **Mr. Paul Lapinson**
Company:    Lap Dist
Fax #:      (215) 744-5717
From        Jonathan Walton @ **1-866-478-2347, ext 296**

Subject:    **End of Year Discounts - Telephone System**

Mr. Lapinson,

I thought you would want to know that Panasonic is offering substantial last quarter DISCOUNTS on ALL VOIP or Digital business telephone systems purchased by year end.

Quadis is one of the regions largest Panasonic Authorized Partner Resellers. – Give me a call if you would like us to provide you with ball park pricing or a formal proposal. I can be reached directly @ **1-866-478-2347 – Extension # 296**.

Jon Walton
Executive Vice President

## 20% off
**VOIP or DIGITAL Phone System purchase**
Expires December 31, 2018



*The recipient is entitled to request that the sender not send any future facsimile advertisements to its telephone facsimile machine. Failure to comply within 30 days from the date the request is properly made is unlawful. If you would prefer we not send any future faxes, please either call our toll free automated fax removal number 1-844-445-4412 - Or, fax your request to be removed toll free to 1-866-329-0982. Please be sure to identify the fax number you want removed. Thank you.*

# Exhibit B

01-16-2019 9:05        866-329-0982        Quadis, Inc - Paul Lapinson                    1/1



**QUADIS**

*Custom Voice & Data Solutions*

Quadis, Inc.
4801 Horseshoe Pike
Building # 1
Downingtown, PA 19335

Quadis, Inc.
295 Princeton-Hightstown Rd.
Suite # 327
East Windsor, NJ 08520

(866) 478-2347 Office
(866) 329-0982 Fax

www.QuadisVoice.com

## Fax Cover Sheet

Date:      January 16, 2019
Pages:     Just this cover sheet
**To:       Mr. Paul Lapinson**
Company:   Lap District
Fax #:     215 744-5717
From       Jonathan Walton @ **1-866-478-2347, ext 296**

Subject:   **Discounts – Panasonic Business Telephone System**

Mr. Lapinson,

I thought you would want to know that Panasonic is offering substantial DISCOUNTS on ALL VOIP, Cloud-based or Digital business telephone systems purchased by the end of this first quarter.

Quadis is one of the regions largest Panasonic Authorized Partner Resellers. – Give me a call if you would like us to provide you with ball park pricing or a formal proposal. I can be reached directly @ **1-866-478-2347 – Extension # 296.**



**20% off**
**VOIP or DIGITAL**
**Phone System purchase**
Expires March 31, 2019

*[signature]*
Jon Walton
Executive Vice President

*The recipient is entitled to request that the sender not send any future facsimile advertisements to its telephone facsimile machine. Failure to comply within 30 days from the date the request is properly made is unlawful. If you would prefer we not send any future faxes, please either call our toll free automated fax removal number 1-844-445-4412 - Or, fax your request to be removed toll free to 1-866-329-0982. Please be sure to identify the fax number you want removed. Thank you.*